UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARCUS BROWNER,<br><br>    Petitioner,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER,<br><br>    Respondent.                     / | No. C 06-3553 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

    Petitioner, a prisoner of the State of California, currently incarcerated at San Quentin State Prison located in San Quentin, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding his incarceration pursuant to a finding that he violated parole. He alleges certain constitutional violations in the parole revocation proceedings. Petitioner has paid the filing fee.

    His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. However, in the petition, Petitioner states that he has not presented his claims in the state courts regarding his parole revocation proceedings in the California Supreme Court.

**DISCUSSION**

A.    <u>Standard of Review</u>

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

1

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

The petition appears to contain claims regarding constitutional violations at his parole revocation proceedings. Such a claim may present a claim for habeas relief, if Petitioner has first provided the state courts with a fair opportunity to rule on the claims raised therein.

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Before he may raise his claims in this Court, after exhausting his administrative appeals within the BPT, Petitioner must also present his claims in the state courts, through the Supreme Court of California. As Petitioner has not presented his claims to the highest state court, he has not exhausted his state court remedies, and the petition must be dismissed. *See Rose*, 455 U.S. at 510.

A dismissal solely for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this petition is DISMISSED without prejudice to Petitioner's filing a new federal habeas petition once he has exhausted state remedies by presenting his claims to the highest state court. As such, the Clerk shall enter

1  judgment and close the file.
2          IT IS SO ORDERED.
3  DATED: October 16, 2006
                                              _____
4                                              JEFFREY S. WHITE
                                               United States District Judge